IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, | ) ) ) | Case No. _____ |
|     Plaintiff and     Counterclaim Defendant, | ) ) ) | **GABRIEL M. SULLIVAN'S MOTION TO QUASH NONPARTY SUBPOENA DUCES TECUM AND MOTION FOR PROTECTIVE ORDER** |
|     vs. | ) ) | |
| GS LABS LLC, | ) ) | |
|     Defendant and .    Counterclaim Plaintiff. | ) ) | |

    COMES NOW Nonparty, Gabriel M. Sullivan ("Mr. Sullivan"), by and through his counsel, and pursuant to Fed. R. Civ. P. 26(c), 37(a)(2), and 45(d)(3), hereby moves to quash a subpoena requesting testimony from Mr. Sullivan and to enter a protective order in favor of Mr. Sullivan. In support of these motions, Mr. Sullivan states as follows:

    1.    Mr. Sullivan's Motion to Quash and Motion for Protective Order relate to a subpoena *duces tecum* that Plaintiff, Blue Cross and Blue Shield of Kansas City ("Blue KC"), issued in a lawsuit pending in the United States District Court for the Western District of Missouri, captioned as <u>Blue Cross and Blue Shield of Kansas City v. GS Labs, LLC</u>, Case No. 4:21-CV-525-FJG (hereafter, "Missouri Lawsuit").

    2.    The Missouri Lawsuit arises from Blue KC's failure to pay Defendant, GS Labs LLC, a company that performs COVID-19 testing, nearly $10 million for thousands of COVID-19 tests that GS Labs performed in late 2020 and 2021 for over 12,000 of Blue KC's insureds at certain testing sites in Kansas, Missouri, and Nebraska.

    3.    Blue KC's subpoena *duces tecum* requests that Mr. Sullivan, a nonparty who resides in Nebraska, appear for a deposition at his attorney's office in Omaha, Nebraska, on December 8, 2021.

    4.    An initial jurisdictional dispute has arisen between Mr. Sullivan and Blue KC because Mr. Sullivan denies he has been properly served with Blue KC's subpoena *duces tecum* pursuant to Fed. R. Civ. P. 45 ("Serving a subpoena requires delivering a copy ***to the named person***[.]") As a result, Mr. Sullivan requests that the Court

determine that Mr. Sullivan has not been properly served with Blue KC's subpoena *duces tecum* and to quash the subpoena *duces tecum* for that reason alone.

5. Substantively speaking, the subpoena *duces tecum* is objectionable on its face because it asks Mr. Sullivan to produce a litany of documents that are overbroad, unduly burdensome, irrelevant, and disproportionate to the needs of the Missouri Lawsuit. For example, the subpoena *duces tecum* asks Mr. Sullivan, who has worked at GS Labs since approximately the start of the pandemic, to produce all communications whatsoever that he has had with any of GS Labs' more than 4,000 employees about any matter whatsoever relating to COVID-19.

6. In addition, Blue KC intends to depose Mr. Sullivan on a variety of matters that (a) are irrelevant, overbroad, and unduly burdensome and (b) which seek information that is confidential and subject to a Protective Order entered in a current Nebraska federal lawsuit involving Mr. Sullivan, captioned as <u>LMMC, LLC and LMMC Holdings, LLC v. Gabriel M. Sullivan et al.</u> (Case No. 8:19-cv-00560) (hereafter, "Nebraska Lawsuit").

7. Since GS Labs was founded, it has had more than 50 test sites across the country, stretching from Washington to Florida. The Missouri Lawsuit, however, only involves certain Blue KC insurance claims stemming from a few GS Labs test sites in Kansas, Missouri, and Nebraska. Mr. Sullivan, therefore, requests a Protective Order that prohibits Blue KC from examining Mr. Sullivan on any matters, proceedings, or occurrences (*e.g.*, employment matters, testing procedures/policies, test results, practices, insurance claims, and the like) at any GS Labs test sites beyond those handful of test sites in Kansas, Missouri, and Nebraska at issue in the Missouri Lawsuit.

8. Mr. Sullivan's counsel has also asked Blue KC's counsel to reschedule Mr. Sullivan's deposition due to a scheduling conflict that has arisen with the December 8, 2021, date for his deposition; however, Blue KC refuses to accommodate this request as a professional courtesy. Mr. Sullivan, therefore, seeks a protective order from the Court pursuant to FED. R. CIV. P. 26(c)(1)(B) that reschedules his deposition for December 22 or 23, 2021.

9. Pursuant to FED. R. CIV. P. 26(c) and NECivR 7.1(j), Mr. Sullivan states he has filed his Motion to Quash and Motion for Protective Order only after personal

consultation with Blue KC's counsel as part of a good faith effort to resolve this dispute without court action. Specifically, Mr. Sullivan's counsel has sent Blue KC's counsel multiple correspondences regarding the foregoing disputes, and the two sides conducted a telephone conference on Friday, December 3, 2021, to attempt to resolve such disputes.

10. As of the filing of his motions, Mr. Sullivan has not received confirmation from Blue KC that it is cancelling Mr. Sullivan's deposition set for December 8, 2021, despite Mr. Sullivan's counsel informing Blue KC, on multiple occasions, that Mr. Sullivan would not be attending the deposition on December 8, 2021.

WHEREFORE Nonparty, Gabriel M. Sullivan, respectfully requests that the Court enter an Order:

- A. Quashing Blue KC's subpoena *duces tecum*, including the request that Mr. Sullivan be deposed on December 8, 2021;
- B. Quashing and entering a protective order that allows Mr. Sullivan to refuse to respond to all of the document requests in Blue KC's subpoena *duces tecum* to which Mr. Sullivan has objected;
- C. Rescheduling Mr. Sullivan's deposition for December 22 or 23, 2021, starting at 9 a.m., at the law offices of Fraser Stryker PC LLO, 500 Energy Plaza, 409 South 17th Street, Omaha, Nebraska, 68102;
- D. Prohibiting Blue KC from examining Mr. Sullivan on any matter alleged in any of the pleadings in the Nebraska Lawsuit;
- E. Prohibiting Blue KC from examining Mr. Sullivan about any GS Labs test sites beyond the Kansas, Missouri, and Nebraska test sites at issue in the Missouri Lawsuit;
- F. Prohibiting Blue KC from examining Mr. Sullivan on any matters, proceedings, or occurrences (*e.g.*, employment matters, testing procedures/policies, test results, practices, insurance claims, and the like) at any GS Labs test sites beyond those handful of GS Labs test sites in Kansas, Missouri, and Nebraska at issue in the Missouri Lawsuit;
- G. Establishing appropriate COVID-19 protocols to protect any person who appears in person for Mr. Sullivan's deposition, including, but not limited

to, the obtaining of a negative PCR COVID-19 test within 48 hours of Mr. Sullivan's deposition;

H. Requiring Blue KC and Mr. Sullivan to meet-and-confer on a protocol for Blue KC conducting Mr. Sullivan's deposition remotely

I. Providing any further relief to Mr. Sullivan that the Court deems appropriate and equitable.

DATED this 7th day of December, 2021.

GABRIEL M. SULLIVAN, a non-party

By: /s/ Robert W. Futhey, #24620
Jordan W. Adam, #23723
Robert W. Futhey, #24620
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile
jadam@fraserstryker.com
rfuthey@fraserstryker.com
ATTORNEYS FOR MR. SULLIVAN

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Gabriel M. Sullivan's Motion to Quash Nonparty Subpoena Duces Tecum and Motion for Protective Order was served by electronic mail and regular U.S. Mail, postage prepaid, this 7th day of December, 2021, to:

Aaron E. Schwartz
David C. Hollander
8182 Maryland Ave., 15th Floor
St. Louis, MO 63105
schwartz@capessokol.com
hollander@capessokol.com

Jeffrey B. Jensen
Tim Garrison
Matthew Diehr
Christina Moore
Husch Blackwell LLP
190 Carondelet Plaza, Ste. #600
St. Louis, MO 63105
jeff.jensen@huschblackwell.com
tim.garrison@huschblackwell.com
matthew.diehr@huschblackwell.com
christina.moore@huschblackwell.com

By: /s/ Robert W. Futhey, #24620

2715604