UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF KANSAS CITY, <br><br> Plaintiff, <br><br> v. <br><br><br><br><br><br> GS LABS LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 8:21-cv-00466-JFB-MDN <br> ) <br> ) <br> ) Related to Case No.: 4:21-cv-00525-FJG in The <br> ) Western District of Missouri, Western Division <br> ) <br> ) <br> ) <br> ) |

**MOTION TO ENFORCE SUBPOENA *DUCES TECUM* AND COMPEL DEPOSITION OF GABE SULLIVAN**

COMES NOW Plaintiff, Blue Cross and Blue Shield of Kansas City ("Blue KC"), by and through its undersigned counsel, and for its Motion to Enforce Subpoena *Duces Tecum* and Compel Deposition of Gabe Sullivan, states as follows:

1. Blue KC, a not-for-profit health insurance provider with the mission of providing affordable access to healthcare to its members, is presently involved in litigation against GS Labs LLC, a national provider of COVID-19 testing. The underlying litigation is pending in the United States District Court for the Western District of Missouri.

2. This underlying litigation arises out of GS Labs's scheme to exploit insurance companies and their members during the COVID-19 pandemic. GS Labs uses a false "cash price" in connection with its claims for reimbursement, engages in price gouging (billing insurance companies $380 to administer an $8.00 test), and has provided testing so flawed that one public servant in the Jackson County, Missouri Health Department has stated the following when describing GS Labs, "in

1

the sense of surveillance and control of infectious disease, this situation makes it much more difficult to control the spread of COVID-19."

3. GS Labs has submitted over $11 million in claims to Blue KC - approximately $2 million of the $11 Million in total claims at issue arise from services purportedly provided outside of the Kansas City metropolitan area.

4. In the underlying suit, Blue KC seeks: (1) a declaratory judgment declaring Blue KC is not required to reimburse GS Labs at their sham "cash price" rates; (2) injunctive relief necessary to protect its members from GS Labs's threatened balance billing; and (3) recoupment of fees which unjustly paid to GS Labs. GS Labs filed counterclaims seeking to have the claims paid in full.

5. This matter comes before the United States District Court for the District of Nebraska following GS Labs's former owner and laboratory director's refusal to produce ***any*** documents in response to a subpoena *dues tecum* served on him and his refusal to appear for his deposition at the agreed-to time and place.

6. Mr. Sullivan is a primary witness regarding nearly every aspect of GS Labs's scheme. Upon information and belief, GS Labs is named for its former owner, **G**abe **S**ullivan. He is identified on GS Labs's Rule 26(a) disclosures as having "general knowledge of the COVID-19 testing provided by GS Lab, establishment and operations of the testing sites, and in general, some of the claims and defenses at issue in this lawsuit." Mr. Sullivan orchestrated, or in the very least, was aware of the scheme described in the underlying litigation.

7. Given the nature of the underlying litigation Blue KC sought to depose Mr. Sullivan and obtain relevant documents in his possession, custody, or control.

8. Blue KC first requested the deposition of Mr. Sullivan on September 1, 2021 from GS Labs's attorneys. No date was forthcoming and GS Labs later informed Blue KC that Mr. Sullivan was represented by separate counsel.

9. After providing sixteen possible dates to Mr. Sullivan's personal attorney for potential deposition (ranging from November 4, 2021 to December 10, 2021), Mr. Sullivan's attorneys agreed to produce him on December 8, 2021.

10. After his counsel agreed to accept service of the subpoena on behalf of his client, on November 4, 2021, Blue KC served a subpoena for deposition and document production on counsel for Mr. Sullivan.

11. Counsel for Mr. Sullivan provided written objections to the subpoena *duces tecum* on November 18, 2021.

12. Blue KC attempted to resolve these objections with Mr. Sullivan's counsel via telephone conference and a number of email communications in November and December of 2021.

13. On Friday, December 3, 2021, counsel for Mr. Sullivan unilaterally canceled Mr. Sullivan's deposition without consent or articulating good cause as to why the deposition should be further delayed.

14. Moreover, when the deposition was canceled, counsel for Mr. Sullivan made new and unreasonable preconditions on any rescheduled deposition, he has preemptively claimed relevant topics to be "off limits", and he is now refusing to produce Mr. Sullivan until all his demands are met.[1] His requests are unreasonable and not supported by law.

15. Blue KC has, in good faith, conferred or attempted to confer with Mr. Sullivan in an effort to obtain his deposition and documents responsive to the subpoena without court action.

16. For these reasons, Blue KC now seeks to enforce the subpoena *duces tecum* and compel the deposition of Mr. Sullivan pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(ii) & (g) and 37(a).

---

[1] Gabe Sullivan has filed a Motion to Quash Nonparty Subpoena Duces Tecum and Motion for Protective Order and related documents (Doc. No. 1-3). Blue KC intends to file a brief response to that Motion.

17. Further, to expedite the deposition of Mr. Sullivan and as additional relief sough in light of Mr. Sullivan's failure to appear for deposition as noticed and agreed, Blue KC requests that the deposition of Mr. Sullivan be conducted via remote video means and pursuant to a remote deposition protocol.

18. Blue KC incorporates by reference its Brief in Support of its Motion to Enforce the Subpoena *Duces Tecum* and Compel the Deposition of Gabe Sullivan as well as all referenced Exhibits.

WHEREFORE, Plaintiff, Blue Cross and Blue Shield of Kansas City respectfully requests that the Court enter an Order:

1. Compelling Mr. Sullivan to provide full and complete production of documents responsive the requests made in the subpoena *duces tecum*;

2. Compelling Mr. Sullivan's deposition to occur as soon possible after the originally scheduled date without limitation into the scope of the deposition; and

3. Requiring that the remote deposition be conducted pursuant to the proposed remote deposition protocol referenced in **Exhibit F**.

Respectfully Submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Aaron E. Schwartz*
Aaron E. Schwartz, #58745
8182 Maryland Avenue, Fifteenth Floor
St. Louis, MO 63105
Phone: 314-721-7701
Fax: 314-721-0554
schwartz@capessokol.com
***Attorney for Blue Cross***
***and Blue Shield of Kansas City***

4

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of December 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and a courtesy copy was served by electronic mail to:

Jeffrey B. Jensen
Tim Garrison
Matthew Diehr
Christina Moore
Husch Blackwell LLP
190 Carondelet Plaza, Ste. #600
St. Louis, MO 63105
jeff.jensen@huschblackwell.com
tim.garrison@huschblackwell.com
matthew.diehr@huschblackwell.com
christina.moore@huschblackwell.com

**Attorneys for Defendant**

*/s/ Aaron E. Schwartz*
